[Cite as *State v. Hilson*, 2012-Ohio-4536.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| V. | ) | CASE NO. 11-MA-95 |
| | ) | |
| LIDELL HILSON, | ) | OPINION |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:     Criminal Appeal from Court of Common
Pleas of Mahoning County, Ohio
Case No. 05CR620

JUDGMENT:     Affirmed

APPEARANCES:
For Plaintiff-Appellee     No brief filed

For Defendant-Appellant     Atty. Denise Glinatsis Bayer
3736 Boardman-Canfield Road
Suite 3
Canfield, Ohio 44406

JUDGES:

Hon. Gene Donofrio
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite

Dated: September 25, 2012

DONOFRIO, J.

{¶1} Defendant-appellant Lidell Hilson appeals from a Mahoning County Common Pleas Court decision revoking his community control sanctions and sentencing him to an additional five years in prison for his second probation violation.

{¶2} A Mahoning County grand jury indicted Hilson in 2005 on four counts. Counts one and two were for aggravated burglary, both first-degree felonies. R.C. 2911.11(A)(1)(B). Count three was for kidnapping, a first-degree felony. R.C. 2905.01(A)(3). Count four was for felonious assault, a second-degree felony. R.C. 2903.11(A)(2)(D). Counts two, three, and four each contained a firearm specification. R.C. 2941.145(A). Hilson pleaded guilty to all counts and the court dismissed the firearm specification on counts two, three and four. The trial court sentenced Hilson to five years community control sanctions on all counts, to run consecutively for a total of twenty years and to be monitored by the Adult Parole Authority. The trial court also ordered Hilson to report to Turning Point Counseling Services for an assessment and to follow all of their recommendations for treatment and/or counseling services, and to take all medications prescribed.

{¶3} In January 2009, the State, upon notification from Hilson's parole officer, John Ferraro, filed a motion to revoke Hilson's community control sanctions for failing to report, failing to report a change of address, and for failing to take his prescribed medications as ordered by the court. At the probation violation hearing Hilson stipulated to the violation of probation. The trial court reimposed the community control sanctions to be monitored by the Adult Parole Authority and added a condition to his community control sanctions that he report to Turning Point Counseling Services for community service and take injectable medicine as required by his physician.

{¶4} On April 18, 2011, the State again filed a motion to revoke Hilson's community control sanctions. The trial court conducted a probation violation hearing on May 19, 2011, that was recommenced and concluded on June 1, 2011. The State presented evidence that Hilson violated the terms of his community control sanctions

through the testimony from Hilson's parole officer, John Ferraro, and his case manager, Robert Lee Huff. The State also presented a letter from a clinical supervisor at Mahoning County Community Support Network, Christina White, detailing Hilson's noncompliance and a drug test provided by Dr. Gary Waltz.

{¶5} Following the hearing, the trial court found Hilson in violation of the conditions of his community control sanctions. The court sentenced him to five years in prison on counts one, two, three and four; with counts one and two to be served consecutively, count three to be served concurrently with counts one and two, and count four to be served consecutively with counts one and two. Therefore, the court sentenced Hilson to serve a total of ten years in prison followed by a mandatory five years of monitoring by the Adult Parole Authority.

{¶6} This appeal follows.

{¶7} Hilson's appointed appellate counsel presents a sole "potential" assignment of error which states:

> [W]hether the trial court erred in finding that the prosecution presented substantial proof that the appellant violated the terms of his community control sanctions.

{¶8} Hilson's attorney filed a motion pursuant to *Anders v. California*, 386 U.S 738, 87 S.Ct. 1396 (1967) on November 28, 2011, asking this court to independently review the transcript to determine possible error and requesting permission to withdraw as counsel for appellant on the basis that the appeal is frivolous. The above complaint was the only potential error that Hilson's attorney reported. Hilson's attorney sent him a copy of the brief and he was given thirty days from December 16, 2011, to file his own brief, which he did not.

{¶9} This court has used the standard it set in *State v. Toney* for cases when an *Anders* brief is filed. In *Toney,* this court recognized an indigent defendant's constitutional right to court-appointed counsel for direct appeal of their conviction. *Id.,* at paragraph one of the syllabus. After a conscientious examination of the record,

counsel should present any assignments of error which could arguably support the appeal. *Id.,* at paragraph two of the syllabus. If instead counsel determines that the defendant's appeal is frivolous and that there is no assignment of error which could be arguably supported on appeal, then counsel should inform the appellate court and the defendant of that by brief and ask to withdraw as counsel of record. *Id.,* at paragraph three and four of the syllabus. The defendant is then given the opportunity to raise, pro se, any assignments of error he chooses. *Id.,* at paragraph four of the syllabus. The appellate court then is duty bound to examine the record, counsel's brief, and any pro se arguments, and determine if the appeal is wholly frivolous. *Id.,* paragraph five of the syllabus. If after determining that the appeal is wholly frivolous, then the appellate court should permit counsel to withdraw and affirm the judgment of conviction and sentence. *State v. Toney*, 23 Ohio App.2d 203, 262 N.E.2d 419 (7th Dist.1970).

{¶10} "The quantum of evidence required to support a revocation of probation is not 'beyond a reasonable doubt' but merely evidence of a substantial nature showing that the probationer has breached a term or condition of his probation." *State v. Walker*, 7th Dist. No. 93-J-48, 1995 WL 447663, *4 (July 26, 1995), citing *State v. Mingua*, 42 Ohio App.2d 35, 40, 327 N.E.2d 791 (10th Dist.1974). In addition to the lowered standard of proof, probation-revocation hearings are not subject to the rules of evidence. Evid.R. 101(C)(3). When the State meets its burden, the court is given wide latitude to revoke probation. *Columbus v. Bickel*, 77 Ohio App.3d 26, 38, 601 N.E.2d 61 (10th Dist.1991). Thus, a trial court's decision to revoke probation is reviewed only for an abuse of discretion. *State v. Scott*, 6 Ohio App.3d 39, 41, 452 N.E.2d 517 (2d Dist. 1982). The term "abuse of discretion" implies that the court's ruling was "unreasonable, arbitrary, or unconscionable." *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 404 N.E.2d 144.

{¶11} At the probation violation hearing, Ferraro testified that he filed a motion to revoke Hilson's probation because he learned Hilson was not taking his medication and was allegedly giving them to another resident. (Tr. 6.) Ferraro stated Hilson

knew of his obligation to take his medications, as detailed through his conversations with Hilson as well as Hilson signing the agreement. (Tr. 6.) Ferraro testified he received a letter and telephone call from White detailing Hilson's noncompliance. (Tr. 7-8.) In her letter, White stated that Hilson was not available to take his medication on 33 occasions. (State Exhibit 2.) It is alleged Hilson did not take his medication and instead sold the drug Percocet, a class II controlled opiate, to another resident at Hilson's apartment complex. (State Exhibit 2.) Ferraro further stated that the patient who was the alleged recipient of Hilson's medication was not receiving the same treatment, yet tested positive for the medication. (Tr. 9.) When Hilson was tested for the same drug, his results were negative. (Tr. 13.) Both tests were given by Dr. Waltz of the Humility of Mary Health Partners, St. Elizabeth Health Center. (State Exhibit 3.) Ferrraro never spoke with Hilson on this issue or the alleged recipient of Hilson's sale. (Tr. 14.)

{¶12} Huff, Hilson's case manager with the Ohio Department of Mental Health through the Mahoning CSN, stated that every contact that the staff had with Hilson was documented and kept in his medical file. (Tr. 23.) Huff stated that Hilson did not always make himself available to receive his medication, particularly in the evenings. When asked if Hilson kept a set schedule as required, Huff answered that no, Hilson was not available in a consistent manner. (Tr. 20.)

{¶13} In order to determine whether there was evidence of a substantial nature in this case, it is first important to note the official capacities of the witnesses that were called during this hearing, as well as White, who provided Ferraro with vital information. Each witness was employed to deal with the specific instances on which they gave testimony. Given that the State produced testimony from Hilson's parole officer, case manager, the letter from White noting the 33 occasions when Hilson was not available for appointments, as well as the drug tests conducted by Dr. Waltz, there is evidence of a substantial nature that Hilson was not compliant with the explicit terms of the supervision that he signed. There is evidence that Hilson sold opiates, and furthermore there is ample evidence that Hilson, at a minimum, was not

compliant with taking his medication on numerous occasions. This noncompliance was explicitly forbidden by his agreement for supervision. The direct testimony of the witnesses as well as White's letter to Ferraro provides substantial evidence that Hilson was noncompliant numerous times. In sum, the trial court did not abuse its discretion in finding that Hilson had violated the conditions of his community control sanctions.

**{¶14}** Accordingly, Hilson's "potential" assignment of error is without merit.

**{¶15}** The judgment of the trial court is hereby affirmed and counsel's motion to withdraw is granted.

Vukovich, J., concurs.

Waite, P.J., concurs.