[Cite as *State v. Wacker*, 2019-Ohio-3997.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NOS. 2019-A-0044**<br>**2019-A-0045** |
| MARCUS T. WACKER, | : | |
| Defendant-Appellant. | : | |

Criminal Appeals from the Conneaut Municipal Court, Case Nos. 2017 TRC 01537 and 2018 CRB 00043.

Judgment: Reversed.

*Kyle B. Smith,* Conneaut Law Director, and *Christopher M. Newcomb,* Assistant Conneaut Law Director, 294 Main Street, Conneaut, OH 44030 (For Plaintiff-Appellee).

*Phillip L. Heasley* and *Marie Lane,* Ashtabula County Public Defender, Inc., 4817 State Road, Suite 202, Ashtabula, OH 44004 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Marcus T. Wacker, appeals from the judgment of the Conneaut Municipal Court, finding him guilty of community control violations in two separate cases, and sentencing him to consecutive terms of 175 and 180 days in jail in each of the separate matters. We reverse the trial court's sentence.

{¶2} Appellant originally pleaded guilty to two separate first-degree misdemeanor offenses in two separate cases; to wit: in Case No. 17 TRC 1537,

operating a vehicle while under the influence ("OVI") and in Case No. 18 CRB 43, assault. In the OVI case, he was sentenced in February 2018 to 180 days, with 175 days suspended and placed upon supervised community control. Thereafter, in April 2018, appellant was sentenced in the assault case to 180 days, all of which were suspended, on conditions of supervised community control.

{¶3} After failing to follow the terms of his community control, separate motions to revoke were filed in each case. In the OVI case, the motion alleged appellant violated community control when he "failed to attend and complete the driver intervention program; failed to follow any recommended treatment program; failed to attend probation appointment on June 26, 2018; failed UDS for [THC] and benzodiazepines on March 4, 2019." In the assault case, the motion alleged appellant violated community control when he "failed to attend probation appointment on June 26, 2018 and failed to complete comprehensive diagnostic reassessment at Signature Health within 30 days, by May 23, 2018."

{¶4} On March 19, 2019, the trial court held a hearing on both motions to revoke. At a pre-revocation hearing, the record reflects appellant waived his right to counsel; and prior to the revocation hearing, the court confirmed appellant still wished to proceed pro se. After receiving evidence from two probation officers, the trial court found appellant guilty on both separate violations. Appellant was subsequently sentenced and received 175 days in jail in the OVI case and 180 days in jail in the assault case, to be served consecutively. Appellant now appeals and assigns three errors. His first alleges:

{¶5} "The trial court erred in imposing consecutive jail sentences in appellant's revocation hearing."

{¶6} Under his first assignment of error, appellant argues the trial court erred in ordering him to serve the jail terms from his original convictions consecutively after revoking community control. He maintains the trial court's failure to state, in its original judgments on conviction, that a violation of community control could result in the imposition of consecutive sentences invalidates the underlying order. In other words, he maintains the trial court was without authority to run the sentences consecutive after revocation because they were not originally imposed consecutively.

{¶7} The state maintains the trial court was not required "to explain consecutive sentencing" to appellant during the original sentencing proceedings. Rather, the state argues, the trial court was simply imposing sentences that had already been issued in separate cases. And, because appellant knew jail time was possible if he violated, the court did not err in imposing a consecutive term.

{¶8} We first point out that the state misconstrues appellant's argument. Appellant is not asserting the trial court was required to explain the possibility of consecutive sentences during the original, separate sentencing proceedings. Rather, he is arguing the trial court could not make the sentences run consecutively after revoking community control because they were not *originally imposed* consecutively in the initial judgment(s) on conviction.

{¶9} With this clarification in mind, appellant cites *State v. Fankle*, 2d Dist. Montgomery Nos. 26350, 26351, 26352, 2015-Ohio-1581, in support of his position. In *Fankle*, the defendant received a 180-day suspended jail sentence and was placed on

3

community control. Two months later, the defendant was charged with two additional crimes and received two 180-day jail terms, to run concurrently with each other, with 120 days suspended. He was again placed on community control. One month later, the defendant was charged with violating a protection order. For this violation, the trial court imposed a 180-day jail term, revoked the community control in the first two cases, and reinstated the prior suspended sentences. The trial court ran each 180-day term consecutively. On appeal, the defendant did not take issue with the trial court's authority to order his sentence from the third case to run consecutively with the sentences arising from his first and second. Instead, he argued that the trial court lacked authority to run the sentences of the first two cases consecutively because the trial court had not included language regarding consecutive sentences in these judgment entries. The Second District agreed.

{¶10} While acknowledging that the trial court could not have included consecutive sentencing language in the first judgment entry, as it was the sole sentence at the time, the court emphasized the second sentencing entry failed to include consecutive-sentencing language, despite the existence of the first conviction. Because the trial court had the ability to include such language, or at least expressly inform the defendant, but failed to do so, the Second District concluded the first two sentences were concurrent jail terms. And the trial court's order to run the suspended sentences consecutively was an impermissible modification of the defendant's previously entered definite sentences. *Id.* at ¶8. The facts of *Fankle* are legally analogous to the matter before this court.

4

{¶11} Both judgments from the Conneaut Municipal Court are "form entries" in which the trial court wrote in the details of the conviction and checked boxes for the conditions of community control it elected to impose. Each judgment entry includes a condition which provides the sentence could be served "[c]onsecutive to all other [s]entences in all other cases" if a defendant violates community control. The trial court did not check this box in either judgment entry. In the OVI case, appellant was sentenced in February 2018 to a suspended 180-day term and placed on community control. As it was the only matter pending at the time, it would make little sense for the trial court to indicate that sentence would be served consecutively with other cases in the event of a violation. Because, however, appellant was sentenced in the assault case one month after the OVI case, the trial court had the ability to check the box and thereby require appellant to serve the sentences consecutively in the event his community control was revoked as a result of a violation. The trial court failed to do so and thus it lacked authority to run the sentences consecutively after revocation.

{¶12} R.C. 2929.41(B)(1) provides: "A jail term or sentence of imprisonment for a misdemeanor shall be served consecutively to any other prison term, jail term, or sentence of imprisonment when the trial court specifies that it is to be served consecutively * * *." The trial court did not specify appellant could serve the sentences for the OVI and assault consecutively in either judgment entry. Had the court checked the box indicating "[c]onsecutive to all other [s]entences in all other cases," appellant would have been on notice of the potential for such a sentence, although the full implication of this condition is, at best, ambiguous. Further, as no transcript of the original sentencing hearing was filed with this court, we have no way of knowing

5

whether appellant was placed on notice of the possibility of consecutive sentencing during those proceedings. When the trial court revoked appellant's community control and imposed the suspended sentences, it was ordering into execution definite jail terms it had previously imposed. By ordering the terms to be served consecutively, it impermissibly transcended the definite term of confinement it had previously ordered. We therefore hold the trial court erred in ordering appellant to serve the previously suspended sentences consecutively after revoking community control.

{¶13} Appellant's first assignment of error is sustained.

{¶14} Appellant's second assignment of error provides:

{¶15} "The trial court erred in accepting appellant's waiver of counsel in his revocation hearing."

{¶16} Appellant contends the trial court failed to fully inquire into whether he fully understood the nature of his right to counsel before accepting his relinquishment of the same. He cites the trial court's initial inquiry at the revocation hearing where the trial court noted appellant was representing himself pro se. The court then asked: "Do you still wish to do that?" To which appellant responded: "Correct."

{¶17} Crim.R. 32.3 sets forth the procedural framework for community control revocation hearing. Subsection (B) governs a defendant's right to counsel in such proceedings. It provides, in relevant part:

{¶18} Where a defendant convicted of a serious offense is unable to obtain counsel, counsel shall be assigned to represent the defendant, unless the defendant after being fully advised of his or her right to assigned counsel, knowingly, intelligently, and voluntarily waives the right to counsel. Where a defendant convicted of a petty offense is unable to obtain counsel, the court may assign counsel to represent the defendant.

6

**{¶19}** Appellant was convicted of two petty offenses (i.e., offenses that involve a penalty of up to six months confinement.). The rule indicates, if a defendant is unable to obtain counsel, the court *may* assign counsel. The language of the rule suggests representation by counsel during a revocation hearing is discretionary and the trial court's discretion is only activated upon a defendant's representation that he or she is unable to obtain counsel. Appellant did not state he was unable to obtain counsel, but merely indicated he wished to represent himself. In this respect, the court's discretionary authority to assign counsel was not triggered.

**{¶20}** Regardless of this point, the record reveals a pre-revocation hearing was held before the court at which appellant waived representation by counsel. Appellant did not produce a transcript of the pre-revocation hearing. "The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record." *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980) citing *State v. Skaggs*, 53 Ohio St.2d 162 (1978). As appellant has not provided a complete record of all proceedings relevant to the error he assigns, we shall presume regularity below.

**{¶21}** Appellant's second assignment of error lacks merit.

**{¶22}** Appellant's third assignment of error provides:

**{¶23}** "Did the trial court err by improperly considering Signature Health reports in revoking appellant's probation?"

**{¶24}** Appellant contends the trial court erred in considering unauthenticated records from a counseling clinic appellant visited pursuant to his community control conditions vis-à-vis the OVI conviction. We do not agree.

7

{¶25} A community control revocation hearing is not a criminal trial, and, as a result, the state does not have the burden of establishing a violation with proof beyond a reasonable doubt. *State v. Stockdale*, 11th Dist. Lake No. 96-L-172, 1997 WL 663688, *3 (Sept. 26, 1997). Rather, the state need only present evidence of a substantial nature showing that the probationer has breached a term or condition of her probation. *Id.*; *see also State v. Hilson*, 7th Dist. No. 11-MA-95, 2012-Ohio-4536, ¶10. "[A] revocation hearing is an informal one, 'structured to assure that the finding of a * * * violation will be based on verified facts and that the exercise of discretion will be informed by an accurate knowledge of the (defendant's) behavior.'" *State v. Orr*, 11th Dist. No. 2008-G-2861, 2009-Ohio-5515, ¶21, quoting *State v. Alexander*, 1st Dist. No. C-070021, 2007-Ohio-5457, at ¶7.

{¶26} While the trial court did peruse a Signature Health report in open court, no objection was entered. Moreover, the testimonial evidence demonstrated appellant failed to adhere to many and various conditions of his community control. To wit, evidence was adduced that he was to attend and complete driver intervention; he also failed to follow recommended treatment and failed to attend two probation appointments; he additionally tested positive for THC and benzodiazepines; and, finally, he failed to complete a diagnostic assessment at Signature Health within 30 days. Any error in the court's consideration of the unauthenticated document is rendered harmless by the weight of the evidence supporting the revocation.

{¶27} Appellant's third assignment of error lacks merit.

{¶28} For the reasons discussed in this opinion, the judgment of the Conneaut Municipal Court sentencing appellant to consecutive jail terms is reversed. Because

appellant could only be sentenced to concurrent terms, the maximum jail sentence he could receive was 180 days. The judgment at issue was entered on March 19, 2019; as such, appellant was eligible for release on September 14, 2019. It is therefore the order of this court that appellant be immediately released from the Ashtabula County Jail.

MATT LYNCH, J., concurs,

TIMOTHY P. CANNON, J., concurs with a Concurring Opinion.

————————————————

TIMOTHY P. CANNON, J., concurring.

{¶29} I concur with the judgment of the majority but write separately to expound upon why I believe it is appropriate in this case to follow the Second District's opinion in *State v. Fankle*, 2d Dist. Montgomery Nos. 26350, *et seq.*, 2015-Ohio-1581.

{¶30} Pursuant to R.C. 2929.25(A)(1), a trial court has two options when sentencing an offender for a misdemeanor. The sentencing court may either (a) "directly impose a sentence that consists of one or more community control sanctions" or (b) "impose a jail term * * *, suspend all or a portion of the jail term imposed, * * * and place the offender under a community control sanction."

{¶31} In *Fankle*, the sentencing court did not directly impose sentences that consisted of community control sanctions. Rather, it imposed jail terms upon the offender, suspended a portion of the jail terms imposed, and then placed the offender under community control sanctions. When it imposed the partially suspended jail term in the second case, the sentencing court "said nothing about the possibility of consecutive jail terms if community control were revoked." *Fankle*, *supra*, at ¶11. It was

9

because the sentencing court chose option (b) under R.C. 2929.25(A)(1) that the Second District was "compelled to conclude that the trial court imposed concurrent jail terms." *Id.*; *see* R.C. 2929.41(B)(1) ("A jail term or sentence of imprisonment for a misdemeanor shall be served consecutively to any other prison term, jail term, or sentence of imprisonment *when the trial court specifies that it is to be served consecutively * * *.*") (emphasis added).

{¶32} Here, the trial court also chose option (b) when sentencing appellant. It imposed definite jail terms, suspended all or a portion of the jail terms imposed, and placed appellant under community control sanctions. When it imposed the suspended jail term in the second case, the trial court chose not to advise appellant, at least not in the sentencing form entry, that a violation of those sanctions could result in consecutive jail terms.

{¶33} On the other hand, if the trial court had chosen option (a) when sentencing appellant, i.e., if it had directly imposed a sentence of community control, I believe the outcome here would have been different. In that scenario, pursuant to R.C. 2929.25(A)(3), the trial court is required to notify the offender that the court may do one of the three things set forth in R.C. 2929.25(A)(3)(a), (b) or (c) upon finding a violation of the community control sanctions. There is no such requirement if the sentence is imposed under option (b). When an offender is sentenced for violating community control that was directly imposed, a definite jail term is not imposed until the sentencing hearing for the violation. This is because the jail term is actually being imposed for violating community control. Thus, the trial court would have the discretion at that time to impose consecutive jail terms.

{¶34} I recognize we have no transcript of the original sentencing hearing.  It may be that the trial court orally advised appellant that the suspended sentence could be imposed consecutively to any other sentence.  However, if there is a sentence imposed under subsection (b), the advisement that the sentence could be consecutive needs to be included in the original sentencing entry.