[Cite as *State v. Shaffer*, 2026-Ohio-2042.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

STATE OF OHIO,
CITY OF WARREN,

        Plaintiff-Appellee,

    - vs -

DAVID A. SHAFFER, JR.,

        Defendant-Appellant.

**CASE NOS. 2025-T-0059**
**2025-T-0060**

Criminal Appeals from the
Warren Municipal Court

Trial Court Nos. 2023 CRB 000300
2023 CRB 000231

---

## OPINION AND JUDGMENT ENTRY

Decided: June 1, 2026
Judgment: Affirmed

---

*Enzo Cantalamessa*, Warren City Law Director, 141 South Street, S.E., Warren, OH 44481 (For Plaintiff-Appellee).

*Eric J. Cherry*, N.P. Weiss Law, 4070 Mayfield Road, South Euclid, OH 44121 (For Defendant-Appellant).

SCOTT LYNCH, J.

{¶1} Defendant-appellant, David A. Shaffer, Jr., appeals the trial court's finding that he violated probation and imposition of suspended sentences for Violating a Temporary Protection Order and Aggravated Menacing. For the following reasons, we affirm the probation violation and imposition of sentence.

{¶2} On February 6, 2023, in Case No. 2023 CRB 000231, a complaint was filed against Shaffer in the Warren Municipal Court, charging him with Aggravated Menacing, a misdemeanor of the first degree. On February 17, 2023, in Case No. 2023 CRB

000300, Shaffer was charged with Violating a Temporary Protection Order, a misdemeanor of the first degree. The court issued entries on March 21, 2023, finding Shaffer guilty of both charges. In separate entries, for each of the two charges, the court ordered Shaffer to serve a 180-day jail sentence with 154 days suspended and three years of probation.

{¶3}    A notice of probation violation was filed in both cases in July 2025, stating that new charges had been filed against Shaffer. It also alleged that he failed to comply with court-ordered treatment: "Probationer was ordered to continue with linkage as a condition of probation in 23 CRB 300. Update received from Meridian on 12/18/23 shows probationer was discharged from treatment due to lack of contact." The court issued judgment entries on July 22, 2025, determining there was probable cause and reset the violation hearing, noting that "counsel reports the intent to get counseling record[s] showing compliance with the probation condition." On July 29, it again reset the matters pursuant to defense counsel's request, noting that "he is attempting to receive documentation from Meridian for treatment received by the defendant."

{¶4}    The court held the probation violation hearing on August 5, 2025. Defense counsel indicated that he "provided all of [the counseling/treatment] records to the Court at this point" and he received some records, those from the Linkages program/Meridian, "yesterday late in the afternoon." The court inquired whether counsel had the opportunity to review them and he indicated, "I preliminarily reviewed them." Counsel summarized: "It appears that there was a six-month period of time within which he was engaged with them. They left and moved a facility, but there was still notification that there was . . . at least some ongoing outpatient treatment. . . . [T]hat's all they have. But there [were]

Case Nos. 2025-T-0059, 2025-T-0060

pretty significant records of his involvement with them over I believe a six-month period of time." The court indicated that the "[u]pdate . . . received from Meridian on 12/18/23 shows probationer was discharged from treatment due to lack of contact." Counsel responded: "there was also a notification that Meridian actually disengaged themselves due to something that was not the fault of Mr. Shaffer. . . . [T]here was probably a miscommunication or overlap in reengagement services after that six-month period of time. Because I did see a note in there from Meridian that they were not . . . going to be . . . able to treat him . . . after a certain date because they were leaving the facility." He indicated: "I don't know . . . and I don't have (sic) - - been able to review the records that specifically in detail to determine exactly what that is or follow up with any questions at Meridian. But I do know that there was some overlap there."

{¶5} The court indicated: "The information I have is that treatment was discontinued and that he was discharged from treatment due to a lack of his contact with them" in December 2023, about six months after engagement. Further, "[h]e never reengaged any other facility, which is what my impression was why the matter was continued, to try to determine if there was anywhere else that was providing him services consistent with what is required as his condition of probation."

{¶6} Counsel responded:

I think under the circumstances - - Your Honor, if I may offer a solution? So now that Mr. Shaffer has been sitting in jail for the last couple of weeks - - not only is he clean and sober at this point, but there at least seems to be ample at least documentation before the Court that shows at least an initial six-month period of time where there was some treatment, there was some compliance. And while that's neither here nor there in terms of a violation perspective, it does show good-faith effort of him at that time continuing with treatment. Now, while that treatment has now ended, under these circumstances, I believe that with reengagement in those services now . .

Case Nos. 2025-T-0059, 2025-T-0060

that the Court I believe would be satisfied with his . . . continuation of that order and remaining clean and sober and continuing with that treatment at this point. So I guess what I'm saying, Judge, as a sanction for the possibility of a violation for probation, that the time that he's served now I think should probably be sufficient. If he can reengage with those services and remain drug and alcohol free, I think the Court would be very pleased with that.

The court then inquired whether he would stipulate to the probation violation, which counsel indicated he would. The court found "[t]he obligation is on [Shaffer]. . . . [T]he information I have is that you stopped this treatment – this treatment was stopped because of noncompliance by you. That is something that's incumbent upon you as an adult." Shaffer indicated that he "didn't know when [he] was supposed to stop" and that "when I went to court and the judge disposed of it, I thought that was the end of it."

{¶7} The court found that Shaffer had already been given the opportunity to have an alternative to incarceration and could take advantage of services available while in jail. It imposed the remainder of the sentences, 140 days in 2023 CRB 000231, and 154 days in 2023 CRB 000300, to be served consecutively, for a total jail term of 294 days.

{¶8} Shaffer timely appeals and raises the following assignments of error:

{¶9} "[1.] The trial court denied appellant the effective assistance of counsel.

{¶10} "[2.] The trial court abused its discretion by sentencing appellant to consecutive sentences."

**Ineffective Assistance of Counsel for Failure to Thoroughly Review Records**

{¶11} In his first assignment of error, Shaffer argues that his counsel "was clearly unprepared to effectively represent Appellant's progress in treatment." He contends that pertinent records "were received by counsel just before" the hearing and the trial court's failure to recess the case until counsel was prepared to present arguments "rendered

Case Nos. 2025-T-0059, 2025-T-0060

Appellant's counsel ineffective for the violation hearing."

{¶12} To demonstrate ineffective assistance of counsel, a defendant must prove "(1) that counsel's performance fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome of the proceeding." *State v. Madrigal*, 87 Ohio St.3d 378, 388-389 (2000), citing *Strickland v. Washington*, 466 U.S. 668, 687-688 (1984). "To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph three of the syllabus. "There is a strong presumption that the attorney's performance was reasonable." (Citation omitted.) *State v. Hupp*, 2023-Ohio-2447, ¶ 11 (11th Dist.).

{¶13} Shaffer contends that counsel was unprepared to fully represent him because he had just received records the day before the violation hearing. It appears, however, that counsel was able to review issues relating to compliance with treatment and adequately advance arguments relating to the records. Counsel received multiple continuances of the hearing to obtain records relating to Shaffer's treatment/counseling and obtained records from multiple sources on this issue. While one set of records was not received until the day before the hearing, counsel indicated he was able to review them. While he may have been able to review the records in greater detail if he had a longer period of time, the argument presented at the hearing as well as the court's comments on the records demonstrated that the court was made aware of the significant points relating to Shaffer's compliance, or lack of compliance, with completing the

Case Nos. 2025-T-0059, 2025-T-0060

required treatment. It does not appear that a review of any records provided would take an extensive amount of time since counsel was primarily looking only to demonstrate whether or not Shaffer had continued on with treatment or was no longer engaged with services. While discussing the records, counsel did not indicate to the court that additional time to review them was necessary. The trial court's comments tended to support its belief that counsel represented Shaffer diligently and adequately, as it stated it "appreciate[d] [counsel's] arguments and all the work that he has done on your behalf" and counsel "provided [the court] with a wealth of information." It reiterated that counsel was "very thorough in all the information that he has provided on paper, as well as the argument that he's made every single time that we've been here."

{¶14} Shaffer argues that the trial court's failure to recess the court to allow additional review contributed to counsel's ineffectiveness. Again, although they were not made part of the record on appeal, it appears from a review of the transcript that the trial court had access to the records. The court showed familiarity with the circumstances based on the records and was able to speak to the facts of what occurred. It does not appear that granting a third continuance would have impacted the facts presented to the court or of which it was aware. Further, when the court questioned Shaffer's failure to reengage with services after counsel suggested Merdian was the initial cause of disengagement, rather than asking for additional time to prove Shaffer was not at fault, counsel suggested a "solution" of allowing him to reengage and be given a sentence of the time served pending the violation hearing.

{¶15} Shaffer cites *State v. Irwin*, 2009-Ohio-5271 (7th Dist.), wherein the appellate court found defense counsel to be ineffective due to various "missteps" at trial,

including inappropriate comments, losing his way during questioning, failure to ensure a witness appeared, and being unprepared. *Id.* at ¶ 218-225. Similar circumstances demonstrating ineffectiveness are not present here. There is nothing in the record to indicate that counsel made various missteps or mistakes. As noted above, he appeared to act in a diligent manner.

{¶16} Even presuming that counsel performed below an objective standard of reasonableness, we do not find prejudice. As noted above, the trial court was fully aware that there may have been an issue with Meridian services becoming unavailable due to moving facilities. The trial court recognized counsel's argument that Shaffer went for treatment and "the services stopped" but concluded "the obligation is on you" and that Shaffer needed to be responsible for himself. He observed that records showed Shaffer was noncompliant and, although on probation for an extended period of time, "almost the entire time [he] wasn't complying with the terms and conditions." Even if there was some issue with one of the providers moving facilities, the court was concerned with Shaffer's failure to comply for most of the time and to be proactive in complying with the terms of probation. Further, as noted above, there is no argument presented that demonstrates anything else existed in the records that could have supported Shaffer's argument had additional time been taken for review. Counsel ultimately stipulated to the probation violation, which admitted that there were valid grounds for the violation.

{¶17} The first assignment of error is without merit.

**Consecutive Sentences for Probation Violations**

{¶18} In his second assignment of error, Shaffer argues that he should not have received consecutive sentences. He also contends that while the trial court has discretion

Case Nos. 2025-T-0059, 2025-T-0060

in sentencing him, "the result herein is harsh."

{¶19} "Misdemeanor sentencing lies within the discretion of the trial court and will not be disturbed absent an abuse of discretion." *State v. Hogya*, 2023-Ohio-342, ¶ 14 (11th Dist.).

{¶20} Generally, "[a] jail term or sentence of imprisonment for a misdemeanor shall be served consecutively to any other prison term, jail term, or sentence of imprisonment when the trial court specifies that it is to be served consecutively . . . except that the aggregate term to be served shall not exceed eighteen months." R.C. 2929.41(B)(1). "The trial court is not required to make consecutive sentence findings under R.C. 2929.14(C)(4) prior to ordering consecutive sentences for jail terms imposed for misdemeanor offenses" and "need only 'specify' that the jail terms being imposed were to be served consecutively." (Citation omitted.) *State v. Fromknecht*, 2023-Ohio-4604, ¶ 7 (11th Dist.).

{¶21} Initially, Shaffer's brief states: "The undersigned is unable to find any authority on the issue of whether a Court may issue consecutive sentences for convictions that were not previously sentenced consecutively." We find that there is authority on this issue from this court and others that would support reversal.

{¶22} In *Wacker*, 2019-Ohio-3997 (11th Dist.), Wacker was given a suspended sentence and placed on community control for each of two separate misdemeanors. Subsequently, after a violation of community control, the court held a joint hearing on motions to revoke in both cases and imposed the suspended sentences to be served consecutively. *Id.* at ¶ 2-4. Wacker argued that the trial court "erred in ordering him to serve the jail terms from his original conviction consecutively after revoking community

control," and it lacked authority to do so since they were not originally imposed consecutively. *Id.* at ¶ 6.

{¶23} This court found the argument to have merit, citing *State v. Fankle*, 2015-Ohio-1581 (2d Dist.). *Fankle* held that the trial court's order to run suspended sentences consecutively impermissibly modified its prior entry of definite sentences and there was a lack of authority allowing it to do so. *Id.* at ¶ 8. Finding *Fankle* analogous, this court held that, when community control was revoked and consecutive suspended sentences were imposed, the trial court "impermissibly transcended the definite term of confinement it had previously ordered." *Wacker* at ¶ 12. This court found that the original sentencing entries did not indicate that the sentences were consecutive and, given the lack of a transcript of the original sentencing hearing, "we have no way of knowing whether appellant was placed on notice of the possibility of consecutive sentencing during those proceedings." As such, the court erred in ordering appellant to serve consecutive sentences and this court reversed his sentence. *Id.* at ¶ 28.

{¶24} The circumstances in the present matter mirror those in *Wacker*. The trial court imposed suspended sentences and community control in 2023 for Violating a Temporary Protection Order and Aggravated Menacing. There is nothing in those judgment entries or otherwise in the record to demonstrate that the sentences were originally ordered to be served consecutively. When community control was violated, the court held a joint hearing, imposed the suspended sentences, and ordered them to be served consecutively. According to *Wacker* and *Fankle*, it was not permitted to do so.

{¶25} However, neither *Wacker* nor *Fankle* considered the following statutory provision enacted in 2010: "The court retains jurisdiction over every offender sentenced

Case Nos. 2025-T-0059, 2025-T-0060

to jail to modify the jail sentence imposed at any time, but the court shall not reduce any mandatory jail term." R.C. 2929.24(B)(1). Pursuant to this provision, a trial court that orders suspended concurrent jail sentences to be served consecutively following probation violations *does not* impermissibly transcend the term of confinement previously ordered. Rather, such modification is permissible in light of the court's retained jurisdiction.

{¶26} It is not necessary to decide the novel issue of whether Shaffer's sentence must be reversed under *Wacker* and *Fankle* or whether it is authorized under R.C. 2929.24(B)(1) in order to affirm the sentence. "[I]n reviewing the judgment of a lower court, a court of appeals need only pass upon errors assigned and briefed; errors not specifically raised may be disregarded." *Toledo's Great Eastern Shoppers City, Inc. v. Abde's Black Angus Steak House No. III, Inc.*, 24 Ohio St.3d 198, 202 (1986). In the present case, the issue was neither assigned nor briefed (despite the parties being given the opportunity to file supplemental briefing on the issue). Accordingly, we find no abuse of discretion in the imposition of consecutive sentences.

{¶27} Shaffer argues generally that the imposition of consecutive sentences constitutes an abuse of discretion by issuing an arbitrary judgment of incarceration without a full examination of his mental health status.

{¶28} We disagree. The fact of Shaffer's mental health issues was a prominent consideration throughout the course of these proceedings. Nothing about his mental status renders the sentence imposed an abuse of discretion.

{¶29} The second assignment of error is without merit.

Case Nos. 2025-T-0059, 2025-T-0060

{¶30} For the foregoing reasons, the probation violations against Shaffer and imposition of sentence by the Warren Municipal Court are affirmed. Costs to be taxed against the appellant.

MATT LYNCH, P.J., concurs,

EUGENE A. LUCCI, J., concurs with a Concurring Opinion.

_____

EUGENE A. LUCCI, J., concurs with a Concurring Opinion.

{¶31} I concur fully in the majority's opinion and judgment. I write separately to underscore two points that bear on the disposition of future cases in this district.

{¶32} First, *State v. Wacker*, 2019-Ohio-3997 (11th Dist.), remains binding precedent in this district. The majority correctly identifies *Wacker* and *State v. Fankle*, 2015-Ohio-1581 (2d Dist.), as the authorities that would govern the consecutive-sentence question presented here, and it declines to disturb either. A trial court in this district that imposes concurrent suspended sentences at original sentencing without specifying the possibility of consecutive service upon revocation should understand that *Wacker* continues to control that circumstance unless and until this court resolves otherwise.

{¶33} Second, the majority correctly identifies R.C. 2929.24(B)(1) as a statutory provision that neither *Wacker* nor *Fankle* considered, and it correctly declines to resolve whether that provision supersedes the *Wacker/Fankle* rule because the issue was neither assigned as error nor briefed by the parties. That question—whether the General

Case Nos. 2025-T-0059, 2025-T-0060

Assembly's grant of continuing jurisdiction "to modify the jail sentence imposed at any time" encompasses restructuring originally concurrent suspended sentences as consecutive upon revocation of community control—is a genuine question of first impression in Ohio. It has not been decided by this court, by the Ohio Supreme Court, or, to my knowledge, by any Ohio appellate court. When it is squarely raised and fully briefed, it will require careful analysis, including consideration of R.C. 2929.24(B)(1)'s relationship to the consecutive-sentence specification requirement of R.C. 2929.41(B)(1) and the Ohio Supreme Court's recognition in *Olmsted Twp. v. Ritchie*, 2023-Ohio-2516, ¶ 11, that R.C. 2929.24(B)(1) constitutes a substantive exception to the general rule against modification of a final criminal sentence.

{¶34} Until that question is resolved, *Wacker* governs. Litigants and trial courts should treat it accordingly.

Case Nos. 2025-T-0059, 2025-T-0060

## JUDGMENT ENTRY

For the reasons stated in the Opinion of this court, the assignments of error are without merit. The order of this court is that the judgment of the Warren Municipal Court is affirmed.

Costs to be taxed against the appellant.

_____
JUDGE SCOTT LYNCH

_____
PRESIDING JUDGE MATT LYNCH,
concurs

_____
JUDGE EUGENE A. LUCCI,
concurs with a Concurring Opinion

| **THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY** |
| A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure. |

Case Nos. 2025-T-0059, 2025-T-0060